UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X
BRIAN C. LONG, as ASSIGNEE of BRUCE K. LONG,

Plaintiff,

-against-

**MEMORANDUM & ORDER**
25-cv-06375-JMA-ST

JOHN DUCI, DONALD J. MEYER, ROBERT LONERGAN, and UNIVERSAL GOLD & SILVER RARITIES, INC,

Defendants.
---------------------------------------------------------------------X
**AZRACK, United States District Judge:**

Plaintiff Brian C. Long ("Plaintiff"), as Assignee of his father, Bruce K. Long, brings this action against Defendants John Duci, Donald Meyer, Robert Lonergan, and Universal Gold & Silver Rarities, Inc. (together, "Defendants"). (Compl., ECF No. 1.) Before the Court is Defendants' motion to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56. (See ECF No. 31; ECF No. 31-1.) For the following reasons, Defendants' motion is DENIED.

## I. DISCUSSION

In the Complaint filed on November 17, 2025, Plaintiff alleges that Defendants, a group of Suffolk County precious metal coin dealers, engaged in a "racketeering and fraud scheme" and "conspired to commit telemarketing coin sales fraud against elderly citizens."[1] (Id. ¶ 1.) Plaintiff alleges that Bruce Long, "an 87-year-old widower with substantial hearing loss and age-related mental decline," was the victim of Defendants' scheme. (Id.) According to the Complaint,

[1] Defendant Robert Lonergan has failed to answer or appear in this action, and counsel for the other defendants claims that "Robert Lonergan is unknown to the defendants that I represent and said defendants state that he is an incorrect or fabricated individual who never worked with defendants." (ECF No. 31-1 at 3.) For the sake of convenience, the moving defendants (John Duci, Donald Meyer, and Universal Gold & Silver Rarities, Inc.) will be referred to simply as "Defendants" throughout this opinion.

beginning in 2019, Defendants repeatedly called Long, "cajoled" him into buying rare coins as investments, sold him precious-metal coins that were largely never delivered, and made unauthorized withdrawals from his bank account. (See id. ¶¶ 13–17, 24–35.) The scheme allegedly lasted two years and caused Long over $291,000 in damages. (Id. ¶ 31.) The Complaint asserts twelve causes of action, including federal RICO and state-law claims such as breach of fiduciary duty, fraud, negligent misrepresentation, unjust enrichment, and violations of New York's consumer protection law. (See id.)

On August 26, 2026, Defendants filed the instant motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and, ostensibly, Federal Rule of Civil Procedure 56, which governs summary judgment.[2] (See ECF No. 31-1; ECF No. 31-2–9 (Exs. A–G.).) Initially, Defendants' "motion"—which consists of an attorney's "Affirmation in Support of Motion to Dismiss Founded on Documentary Evidence" and 120 pages of exhibits—is procedurally defective and must be dismissed on that ground. Local Civil Rule 7.1 of the United States District Courts for the Southern and Eastern Districts of New York requires all motions to include "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." E.D.N.Y. Loc. Civ. R. 7.1(a)(2). "The 'failure to submit a memorandum of law, standing alone, is sufficient cause for granting or denying a motion. It is not necessary to reach the

[2] In addition to seeking dismissal pursuant to Rule 12(b)(6), Defendants also purport to seek summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. (See ECF No. 31-1 at 3.) That motion is also procedurally defective, as defendants did not submit a Rule 56.1 statement as required by this District's Local Rules and my Individual Rules IV.E. See E.D.N.Y. Loc. Civ. R. 56.1(a); see, e.g., Frederick v. Wells Fargo Home Mortg., No. 13-cv-7364, 2015 WL 1506394, at *17 (E.D.N.Y. Mar. 30, 2015), aff'd, 649 F. App'x 29 (2d Cir. 2016). Moreover, as of the date of Defendants' filing, no discovery had taken place. Defendants' motion therefore seeks to resolve factual disputes based solely on extrinsic evidence they submitted, without giving Plaintiff the opportunity to conduct discovery and submit evidence of his own. "Courts in the Second Circuit routinely deny or defer motions for summary judgment when the non-movant has not had an opportunity to conduct discovery and submits an affidavit or declaration that meets the requirements set forth in Rule 56(d)." Walden v. Sanitation Salvage Corp., Nos. 14-cv-112, 14-cv-7759, 2015 WL 1433353, at *5 (S.D.N.Y. Mar. 30, 2015). The Court therefore denies Defendants' Rule 56 motion without prejudice to renew, if appropriate, after discovery is completed.

merits.'" Cea v. Access 23 TV, No. 11-cv-3791, 2015 WL 5474070, at *1 (S.D.N.Y. Sept. 15, 2015) (quoting Avillan v. Donahoe, No. 13-cv-509, 2015 WL 728169, at *6 (S.D.N.Y. Feb. 19, 2015). "Neither an affidavit nor an affirmation will satisfy Rule 7.1's memorandum requirement." Id. (citing Burroughs v. Chase Manhattan Bank, N.A., No. 01-cv-1929, 2004 WL 350728, at *2 (S.D.N.Y. Feb. 25, 2004); see also Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. R & C Transit, Inc., No. 16-cv-02481, 2018 WL 794572, at *3 (E.D.N.Y. Feb. 7, 2018) ("It is well-established that an affirmation alone will not satisfy the requirements of Rule 7.1.") (cleaned up).

Defendants did not file a memorandum of law in support of their motion to dismiss and therefore violated Local Civil Rule 7.1. Instead, counsel for Defendants filed an two-and-a-half page "Affirmation" which, in twelve numbered paragraphs, purports to set out the basis for the motion to dismiss, including that: (1) the assignment that Plaintiff "relies upon in order to sue on behalf of Bruce K. Long may have been signed after the death of Bruce K. Long"; (2) "[i]n fact, Defendants delivered a very large amount of gold and silver coins to Bruce K. Long"; and (3) the conduct alleged "does not constitute fraud" because the coins that Defendants delivered "have since appreciated greatly in value" and "[t]his was a business transaction and a good investment by Bruce K. Long." (ECF No. 31-1 ¶¶ 3, 4, 6, 7.) The Affirmation does not set forth the standard for a motion to dismiss pursuant to Rule 12(b)(6). Indeed, counsel cites no authority in support of any of his contentions and does not address the legal basis for dismissing any of Plaintiff's claims. Rather, counsel merely states that the "facts" shown in the exhibits attached to the Affirmation—which include invoices, shipping receipts, and screenshot of a memorial service announcement for a "Bruce Long" posted on a school Facebook page—"mandate dismissal of this action."[3] (ECF

[3] Defendants' "Affirmation in Reply," (ECF No. 31-12), similarly cites no legal authority and merely repeats, at times verbatim, the contentions in the initial affirmation. Again, Defendants cite no law in opposition to Plaintiff's contentions and instead make unsupported assertions that Plaintiff's claims are false and that "the documentation

No. 31-1; see ECF No. 31-2–9.) In short, defense counsel's submission "'effectively places on the court the burden of conducting the initial legal analysis that is properly the responsibility of [Defendants'] counsel' . . . [and] [t]he Court declines to undertake such a task." Cea, 2015 WL 5474070, at *3 (quoting Wenzhou Wanli Food Co., Ltd. v. Hop Chong Trading Co., No. 98-cv-5045, 2000 WL 964944, at *3 (S.D.N.Y. July 11, 2000)).

The Court denies Defendants' motion with prejudice for failure to comply with the Local Rules.[4] Moreover, Defendants' motion to dismiss also fails on the merits.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Allco Fin. Ltd. v. Klee, 861 F.3d 82, 94–95 (2d Cir. 2017) (quoting Iqbal, 556 U.S. at 678).

As stated, Defendants' primary contentions in support of dismissal are that: (1) the assignment may have been signed after the death of Bruce Long, based on the aforementioned Facebook post; (2) some of the coins were in fact delivered, based on various shipping invoices; and (3) no fraud occurred because the transactions were legitimate business transactions and the coins were good investments, based on website screenshots purporting to show the current values of various coins. (See, e.g., ECF No. 31-1 ¶¶ 3–7 (citing Exs. A–E).) Plaintiff vehemently disputes each of these contentions, arguing, as to the first two, that Bruce Long is alive and that the shipping invoices fail to establish that the coins were actually delivered to Long, and, even if they did, do not account for the majority of transactions alleged in the Complaint. (See ECF No. 31-11 (Pl.

exhibited to this motion" contradicts Plaintiff's account of the facts. (Id. ¶ 18; see, e.g., id. ¶ 5 ("This did not occur."); ¶ 13 ("This is not at all what actually happened in this case.").)

[4] Additionally, Defendants were well aware when they briefed this motion to dismiss that this case was put on an expedited schedule with a trial date set for October. (See ECF No. 30, Minute Entry dated July 21, 2026.)

Opp.) at 6–9.) Plaintiff further contends that Defendants' remaining "arguments" do not address his allegations of fraud, including Defendants' alleged misrepresentations concerning the market value and "investment" potential of the coins, or the alleged unauthorized withdrawals from Long's bank account. (See id. at 9–10.)

These arguments raise factual disputes that the Court cannot resolve on a motion to dismiss. Indeed, much of Defendants' arguments rely on documents outside the Complaint, which may not be considered on this Rule 12(b)(6) motion. See, e.g., Estrada Vega v. Gateway Bank F.S.B., No. 2:24-cv-08000, 2025 WL 4664798, at *5 (E.D.N.Y. Dec. 31, 2025), report and recommendation adopted, No. 24-cv-08000, 2026 WL 873016 (E.D.N.Y. Mar. 31, 2026) ("On a motion to dismiss, a court is generally limited to the facts stated on the face of the complaint, as well as documents appended to the complaint or incorporated in the complaint by reference, matters of which judicial notice may be taken, and documents integral to the complaint.") (cleaned up). Defendants fail to make any argument about why the Court should consider these documents that are outside the pleadings, or how these documents fall into the limited categories of documents that the Court may consider on a motion pursuant to Rule 12(b)(6).

Moreover, Defendants do not seriously dispute that Plaintiff's allegations, if accepted as true, fail to state a claim. Rather, they simply dispute the truth of those allegations. That is not a proper basis for dismissal under Rule 12(b)(6). See, e.g., Stewart v. Metro. Life Ins. Co., No. 21-cv-8092, 2025 WL 2710112, at *8 (S.D.N.Y. Sept. 22, 2025) (denying motion to dismiss breach of contract claim because "the parties' submissions present issues of fact that this Court cannot resolve on a motion to dismiss."); Soundview Assocs. v. Town of Riverhead, 725 F. Supp. 2d 320, 345–46 (E.D.N.Y. 2010) (denying motion to dismiss § 1983 claims because "at this early stage in the litigation, the question of whether defendant's conduct was objectively reasonable or not

involves a factual dispute which cannot be resolved on a motion to dismiss."). Therefore, Defendants' motion must be denied.

## II. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is DENIED with prejudice.

**SO ORDERED.**

Date September 10, 2026
Central Islip, New York

/s/ JMA
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE